UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

UNITED STATES OF AMERICA       )

                                      )

v.                                  )       No.: 2:24-cr-00057-LEW

                                      )

JOSHUA ESTRADA             )

Joshua Estrada, by and through counsel, respectfully submits the following sentencing memorandum.

On May 2, 2024, Joshua Estrada was charged in a criminal complaint with Conspiracy to Distribute Controlled Substances and Drive-By Shooting. He was arrested on May 6, 2024.

On May 15, 2024, a federal grand jury returned an indictment charging Mr. Estrada with conspiracy to distribute cocaine. On March 19, 2025, a superseding indictment was later returned charging Mr. Estrada with:

Count One – Conspiracy to Distribute Controlled Substances (Five Kilograms or More of a Substance Containing Cocaine) in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A), 846;
Count Two – Drive-By Shooting, and Aiding and Abetting in violation of 18 U.S.C. §§ 36(b)(1), 2;

Count Three – Use of a Firearm During and In Relation to a Drug Trafficking Crime and Aiding and Abetting in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 2.

On September 24, 2025, Mr. Estrada entered guilty pleas to the charges before this Court. The Court accepted his pleas and remanded him to custody pending sentencing.

Mr. Estrada has remained detained since his arrest.

## GUIDELINE CALCULATIONS

According to the Presentence Investigation Report, the total offense level for the grouped drug and shooting counts is 29, with a criminal history category of II.

Count One carries a mandatory minimum sentence of ten years pursuant to 21 U.S.C. §841(b)(1)(A) and Count Three carries a mandatory minimum sentence of ten years to be imposed consecutively to any other terms of imprisonment pursuant to 18 U.S.C. §924(c)(1)(A)(iii).

Based upon a total offense level of 29 and a criminal history of II, the guideline range of imprisonment is 97-121 months, but because the statutorily authorized minimum sentence is greater than the lower end of the guideline range, the guideline range is 120-121 months. Count Three requires a ten-year term that must be served consecutively to the other counts, making the aggregate guideline range 240-241 months.

While the Guidelines provide an advisory framework, they do not account for several critical factors present in this case—specifically, Joshua's youth, his background, and his capacity for rehabilitation.

## HISTORY AND CHARACTERISTICS OF JOSHUA ESTRADA

This case is ultimately about a young man who made extraordinarily poor decisions while still in the earliest stages of adulthood. Joshua Estrada is twenty years old. He was born in New Bedford, Massachusetts and raised primarily by his mother, who worked as a certified nursing assistant to support her children.

Joshua's father has been incarcerated since Joshua was an infant. For many years, Joshua's mother, Naomi, would bring Joshua to visit his dad in prison twice per year—his Birthday and Father's Day. Joshua's mother wanted him to experience whatever positive relationship Joshua could with his father.

As a result, Joshua grew up without a consistent male role model and was largely raised by his mother and maternal grandmother in a multigenerational household. Despite the absence of his father, Joshua's family provided love and support to the extent they could. His mother worked tirelessly to provide for the family, often under difficult financial circumstances.

The environment surrounding Joshua's upbringing, however, was far different from the safety and stability of his home. The neighborhood where he grew up was plagued by gangs, drugs, and violence. Joshua was exposed to criminal activity from a very young age and eventually became influenced by those around him.

Joshua himself has acknowledged that he began selling drugs believing it was the only realistic way to make money and help support his family.

Joshua deeply regrets the decisions that led him here. During the presentence investigation interview, he expressed remorse and acknowledged that the events that occurred "never should have happened."

He stated that the time he has spent in custody has forced him to reflect on the direction his life had taken and the consequences of the choices he made.

Making his poor decisions worse is the grave impact Joshua's absence will have on his two young sons, Naizar (age 4) and Zainar (age 2). Joshua's mother describes the relationship between Joshua and the boys as being very close. Joshua talked about his time with his children fondly reminiscing about his time playing with the boys at the park, and also watching his children play with his brothers, the boys' uncles. Because of his poor decisions and horrible choices, Joshua is realizing the stark reality that his boys will grow up as he did, without their father being present. This is a very disconcerting notion for Joshua, and he wishes he made different decisions.

Joshua is not yet the finished product of adulthood. He is a young man whose life trajectory can still be redirected with structure, maturity, and the opportunity to grow.

## ARGUMENT

The Supreme Court has emphasized that sentencing courts must treat each defendant as an individual. The Supreme Court stated in *Pepper v. United States* that "'[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" 562 U.S. 476 (2011) quoting *Koon v. United States*, 518 U.S. 81, 113, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996)).

The Court must impose a sentence that is **"sufficient, but not greater than necessary"** to satisfy the purposes of sentencing under **18 U.S.C. §3553(a).**

Several factors support a sentence that accounts for Joshua Estrada's youth and potential for rehabilitation.

*"The court shall impose a sentence sufficient, but not greater than   necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The Court, in determining the particular sentence to be imposed shall consider-    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;*

*(2) the need for the sentence imposed—*

*(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;*

*(B) to afford adequate deterrence to criminal conduct;*

*(C) to protect the public from further crimes of the defendant; and*

*(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

## A Sentence That Reflects the §3553(a) Factors

### 1. The History and Characteristics of the Defendant

Joshua is extraordinarily young and entered adulthood without the benefit of consistent guidance from his father, who has been incarcerated for most of Joshua's life.

Despite those challenges, Joshua maintained strong relationships with his family and has expressed deep remorse for the harm his conduct caused.

His criminal history is limited, placing him in Criminal History Category II.

This case does not represent the culmination of a long criminal career. Rather, it reflects the consequences of poor decisions made during late adolescence in an environment saturated with criminal influences.

### 2. The Need for the Sentence to Reflect Seriousness of the Offense

Joshua accepts that the offenses before the Court are serious.

He has taken responsibility by pleading guilty and acknowledging the wrongfulness of his conduct. A substantial sentence will ensure accountability and reflect the seriousness of the offense. However, Joshua's role in the offense occurred while he was still a teenager navigating a dangerous environment with little maturity or guidance.

### 3. Deterrence and Protection of the Public

A lengthy sentence is not necessary to deter Joshua from future criminal conduct.

The experience of federal prosecution, pretrial detention, an uncertain future, and the reality of facing significant prison time have already had a profound impact on him. For a young person like Joshua, the consequences of this case—twenty years in prison--will impact him for the rest of his life.

### 4. Rehabilitation

Joshua has the capacity to become a productive member of society. His youth, combined with the structure and programming available in federal custody, provide a meaningful opportunity for rehabilitation. The twenty years that must be imposed by the Court is sufficient to sufficiently deter and sufficiently punish and also leave room for the opportunity for Joshua to reintegrate into community and lead a productive life after incarceration.

Joshua Estrada made serious mistakes. He accepts responsibility for those mistakes and the harm they caused. But Joshua is also a twenty-year-old young man whose life is still unfolding. The Court has before it not only the conduct of a teenager who made dangerous decisions, but also the opportunity to determine whether those decisions will define the rest of his life.

A sentence that recognizes both the seriousness of the offense and Joshua's youth and potential for rehabilitation will satisfy the purposes of sentencing under §3553(a).

For these reasons, Mr. Estrada respectfully asks the Court to impose a sentence that is sufficient, but not greater than necessary—twenty years—to achieve the goals of sentencing.

Dated at Lyman, Maine this 16th day of March 2026.

Respectfully Submitted,

/s/ Amy L. Fairfield

_____

Amy L. Fairfield; Bar # 9598

Fairfield & Associates, P.A.

10 Stoney Brook Lane

Lyman, ME 04002

Tel. (207) 985-9465

amy@fairfieldandassociates.com