**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**UNITED STATES OF AMERICA**           \*

    **v.**                               \*    **CASE NO.  2:24-cr-00057-LEW**

**YANCARLOS ABRANTE**                  \*

<u>**DEFENDANT'S  SENTENCING MEMORANDUM**</u>

**INTRODUCTION**

A three-count superceeding indictment was returned on March 19, 2025 charging Yancarlos Abrante with (Count I) Conspiracy to Distribute Controlled Substances,  in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A); (Count II) Drive-by Shooting, in violation of 18 U.S.C. § 36(B)(1) and 2; and (Count III) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2 . The arraignment was held on April 3, 2025 at which time Mr. Abrante entered a plea of not guilty to all counts of the indictment. On September 25, 2025, Mr. Abrante changed his plea to guilty on all counts.

**Personal Chararcteristics**

Yancarlos Manuel Abrante was born on August 11, 2003, in Florida to Emanuel Abrante (age 42) of Puerto Rico and Katherine Castillo (age 39) of New Bedford, Massachusetts. His parents never married but did have a second son together, Yaciel

1

who is three years younger than Yancarlos. Emanuel and Katherine had a tumultuous relationship. Katherine left Emanuel and brought 2-year-old Yancarlos back to her hometown of New Bedford due to Emanuel's infidelity. Emanuel followed after a short period of time and the couple endured an unhealthy reconciliation for several years. During this time, Yancarlos and his brother witnessed violent domestic abuse as well as as drug abuse by their parents. Emanuel did not work and though Katherine was a certified nurse's aid, her income was not sufficient to provide for her children.

The Abrante brothers experienced what is now known as "food insecurity". To them, it was simply hunger. Emanuel and Katherine were blind to Yancarlos' stuggles in school. Yancarlos had a strong work ethic and tried to do well academically and attempted to be involved in youth sports. He dreamed of becoming a professional athlete. Parental neglect and a lack of support eventually made succeeding in the classroom or on a playing field impossible. However, the work ethic would later serve him well working at fast food restaurants and later in the landscaping business. Working outside touched something in Yancarlos. Carpooling from the New Bedford office to Cape Cod and working with his peers outside creating beauty, he enjoyed being a landscaper and hopes to return to the field someday.

In addition to the domestic violence between Emanuel and Katherine, Yancarlos suffered from their physical and verbal abuse. It was a blessing to Yancarlos when his father was incarcerated for five years for a particularly brutal assault on Katherine. He was approximately 10 years old when his father was released from prison and left his life for good when his parents failed at another reunification effort. Yancarlos' only positive male role model experience was when his mother's inability to protect her sons resulted in them being placed with their maternal grandparents, Geraldo and Denise, for about

2

two years. Katherine repeated her poor choice in men when she became involved with Mr. Martinez who was also physically abusive. Their relationship produced Yancarlos' youngest brother, 13-year-old Joshua. Katherine recognizes and appreciates that although Yancarlos could not protect her from physical abuse, he always made sure his two younger brothers were safe.

Yancarlos was deeply affected by his traumatic childhood. Witnessing his 13-year-old friend die from gang violence haunted young Yancarlos. He became depressed and anxious, sometimes thinking he heard voices. Yancarlos escaped by abusing drugs and alcohol when he was only 13 years old. School was increasingly difficult in the gang infested New Bedford area. Yancarlos was not an aggressive person and was constantly bullied and threatened to the point where he attempted suicide. Afraid to go to school and tired of seeing his family struggle to survive, Yancarlos finally submitted to his life circumstances, quitting school at 16 and joining a gang.

Yancarlos began living the life of a street-smart drug dealer to earn money. Being a criminal was not something Yancarlos had aspired to. He was not a violent person like his father and step-father. He disrespected them for abusing women. Yancarlos formed a special bond with his mother seeing her suffer as she did and wanting peace for her and their family. Yancarlos had been softened by his grandparents' religious influence and teachings, sharing in their religious faith. It is the basis for his kind, caring, respectful demeanor commented on by his family and friends in their letters to the court.

Nonetheless, Yancarlos also saw something in gang life he craved – belonging. Yancarlos was seduced by the comeraderie and loyalty of the gangs he saw. Nobody, not even his mother and father, had ever, one hundred percent had his back and been there

for him and he craved that more than the substances he became addicted to. Yancarlos imagined he could limit his criminal activity to only the drug dealing itself and leave the guns and strong-arm aspect of the business to his fellow gang members to avoid hurting others. Yancarlos still clung to the pipe dream of escaping his circumstances, marrying his girlfriend, Giselle Frometa, his first grade crush, and raising a family with her far from the toxic environment of New Bedford. Giselle is a personal care attendant who works with the elderly. Her positivity and goodness are a source of strength for Yancarlos as he faces a lengthy prison term. She inspires hope and acceptance.

Yancarlos Abrante never had a chance at a good life when he was a child. The obstacles were too big for a young boy whose world was absent nurturing, healthy role models who could guide and love him through life. He deserved better and accepts full responsibility for his behavior. He has forgiven his mother and their bond endures. It is Yancarlos' fervent hope that a sentence of  no more than 20 years will be considered adequate to punish him for the mistakes he has made but still allow him to have the life, family, and forgiveness he dreams of upon release.

**Guidelines Calculation**

Mr. Abrante adopts the guideline calculations contained in United States Probation's Revised Presentence Report dated 12/11/25. Base Offense Level 32; Acceptance -3; Total Offense Level 29. Criminal History Score of 0; Criminal History Category of I. Guideline Imprisonment Range is 87-108 months. The statutory miniumum term of imprisonment for Count I is 120 months. Count III requires a 120 month sentence consecutive to Count I resulting in an aggregate mandatory minimum term of imprisonment of 240 months.

## Conclusion

The sentencing factors set forth in 18 U.S.C. § 3553(a) recognizes that the gravity of the offense must be reflected in the court's sentence. There has never been any contest about the seriousness of Mr. Abrante's contribution to the conduct that has created danger and disruption to the community of York County. However, it is clear that mitigating factors are numerous and substantial including age, personal struggles in a very difficult environment and an opportunity for rehabilitation evidenced by extended family devotion and support. For the reasons set forth above a sentence of no more that 20 years, which is an exceptionally long sentence, satisfies the goals of general and specific deterence.

Dated:  March 19, 2026                    Respectfully submitted by,

                                          /s/Jeffrey W. Langholtz
                                          Jeffrey W. Langholtz, Esq.
                                          Bar No. 3539
                                          Attorney for the Defendant

## Certificate of Service

I hereby certify that on March 19, 2026 I electronically filed the above captioned motion with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all registered participants and certify that on March 19, 2026, the same was mailed by USPS, to the following non-registered participants:

Yancarlos Abrante

                                          /s/ Jeffrey W. Langholtz
                                          Jeffrey W. Langholtz, Esq.
                                          Bar No. 3539
                                          Attorney for the Defendant
                                          260 Main Street
                                          Biddeford, ME  04005
                                          207-283-4744
                                          langholtz@gwi.net

5